NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4084
_____

NATIONAL HEALTH PLAN CORPORATION

v.

TEAMSTERS LOCAL 469 AS SUCCESSOR IN INTEREST
TO THE TEAMSTERS LOCAL 418 WELFARE FUND

v.

ALFRED PASCARELLA, JR.; JAMES LAMARCA;
MICHAEL PAGLIUCA; ALBERT TUTELA;
MICHAEL BERZANSKY; JOHN DOE; RICHARD ROE

Teamsters Local 469 as Successor in Interest
to the Teamsters Local 418 Welfare Fund,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cv-01596)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2014

Before: FISHER, JORDAN, and HARDIMAN, *Circuit Judges*.

(Filed: September 16, 2014)
_____

OPINION
_____

JORDAN, *Circuit Judge*.

Teamsters Local 469 Welfare Fund (the "469 Fund") appeals the dismissal of its third-party complaint by the United States District Court for the District of New Jersey. We will affirm.

## I.    Background

The 469 Fund is the successor-in-interest to the Teamsters Local 418 Welfare Fund (the "418 Fund"). The 418 Fund functioned as an employee-welfare fund established and maintained under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 to 1461, to manage health benefits and services for participating Teamsters Local 418 union members and their dependents. A board of trustees administered the 418 Fund according to its Declaration of Trust.

For several years, the 418 Fund contracted with the National Health Plan Corporation ("NHP"), a third-party administrator that oversees health and welfare funds and provides prescription-benefit programs. In June 2008, NHP sued the 418 Fund for breach of contract in the Superior Court of New Jersey, alleging the 418 Fund had not paid all amounts due under its agreements. The 418 Fund counterclaimed, alleging NHP had committed fraud on the 418 Fund and had breached its fiduciary duty by charging unreasonably high fees and was unjustly enriched thereby. The 418 Fund subsequently merged into the 469 Fund, and the latter replaced the former in the lawsuit. The 469 Fund eventually filed a third-party complaint against the individual 418 Fund trustees, namely Alfred Pascarella, Jr., James Lamarca, Michael Pagliuca, Albert Tutela, and

2

Michael Berzansky (collectively, the "Trustees"). The third-party complaint included six breach-of-fiduciary-duty counts: Counts I, IV, V, and VI asserted claims under ERISA; Count II alleged that the Trustees' breach caused the 469 Fund to suffer economic loss; and Count III asserted a common-law breach of fiduciary duty. The Trustees removed the suit to the District Court on April 6, 2009.

On May 12, 2012, NHP filed a motion under Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the 469 Fund's counterclaim. The Trustees, meanwhile, filed a motion to dismiss the third-party claims for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and, alternatively, for summary judgment. On November 28, 2012, the District Court granted NHP's motion for summary judgment and resolved the Trustees' motion in their favor on Rule 12(b)(1) grounds, for lack of standing. Although NHP's breach-of-contract claims remained, the parties settled, and the Court dismissed the case, thus rendering the Court's order final for purposes of appeal. The 469 Fund then timely appealed the dismissal of its third-party claims against the Trustees.

## II. Discussion[1]

The 469 Fund raises a single issue: whether it has standing to bring ERISA and common-law claims for breach of fiduciary duty. Specifically, it contends that it has statutory standing under ERISA pursuant to 29 U.S.C. § 1132(a)(1) (enabling "a

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of standing. *Graden v. Conexant Sys., Inc.*, 496 F.3d 291, 294 n.2 (3d Cir. 2007).

3

participant or beneficiary … to enforce his rights under the terms of the plan"),

§ 1132(a)(2) (enabling suit "by the Secretary[ of Labor], or by a [plan's] participant,

beneficiary or fiduciary for appropriate relief" for breach of fiduciary duty), and

§ 1132(a)(3) (allowing "a participant, beneficiary, or fiduciary … to enjoin any act or

practice which violates … the terms of the plan"), as well as § 1132(d) (providing that

"[a]n employee benefit plan may sue or be sued under [ERISA] as an entity").[2]

We have previously held that plaintiffs bringing claims under ERISA must fall

within the class that Congress has authorized to sue under that Act, in addition to meeting

constitutional standing requirements. *Leuthner v. Blue Cross & Blue Shield of Ne. Pa.*,

454 F.3d 120, 125 (3d Cir. 2006). "Statutory" standing has been considered simply a

question of statutory interpretation: "the question it asks is whether Congress has

accorded *this* injured plaintiff the right to sue the defendant to redress his injury."

*Graden v. Conexant Sys., Inc.*, 496 F.3d 291, 295 (3d Cir. 2007). But in *Lexmark Int'l,*

*Inc. v. Static Control Components, Inc.*, the Supreme Court clarified that the term

"statutory standing" is "misleading." 134 S. Ct. 1377, 1386-88 & n.4 (2014). Rather

---

[2] Alternatively, the 469 Fund claims that the District Court could have exercised federal question jurisdiction over this suit, regardless of whether ERISA provides a private right of action in these circumstances. The question of whether the district court had subject-matter jurisdiction is, however, distinct from the question of whether the 469 Fund had "standing to invoke the authority of a federal court." *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (concluding plaintiffs did not have standing to bring a challenge under the Commerce Clause). To the extent the 469 Fund asks us to fashion an additional breach-of-fiduciary-duty cause of action under federal common law, we decline to do so, as we have already held that ERISA requires no additional, redundant, and judicially-created causes of action regarding fiduciary duties. *Glaziers & Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec., Inc.*, 93 F.3d 1171, 1184 (3d Cir. 1996).

than viewing it as a question of standing, we are instead to ask whether a plaintiff "falls within the class of plaintiffs whom Congress has authorized to sue." *Id.* at 1387. In other words, *Lexmark* adopted a straightforward cause-of-action analysis, which "requires us to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim." *Id.* Here, ERISA does not encompass the claims of the 469 Fund.

Under a cause-of-action analysis, the 469 Fund must plead that it is a participant or beneficiary to proceed under § 1132(a)(1). *See Ne. Dep't ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund* (*ILGWU*), 764 F.2d 147, 153 (3d Cir. 1985) (foreclosing a fund's standing to sue on behalf of its members). The 469 Fund does not argue that it characterized itself as a plan participant or beneficiary in its third-party complaint, but it says that our earlier precedent in *ILGWU* is distinguishable because that case's holding was limited to suits between pension funds. That holding, however, was not so limited. *See id.* (generally interpreting § 1132 to "be read narrowly and literally"). Thus, the 469 Fund cannot bring claims under § 1132(a)(1).

Regarding § 1132(a)(2) and (3), the 469 Fund must plead that it is a participant, beneficiary, or fiduciary. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983) ("ERISA carefully enumerates the parties entitled to seek relief under [§ 1132]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action … ."). The 469 Fund argues that it is a fiduciary and is thus entitled to bring claims under those provisions. It is mistaken. Nowhere in the third-party complaint or elsewhere in the record did the 469

5

Fund refer to itself as a fiduciary or assert that it "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A) (defining "fiduciary"). It therefore cannot proceed under § 1132(a)(2) or (3).[3]

Finally, regarding § 1132(d), we agree with the United States Court of Appeals for the Second Circuit that "[s]ubsection (d)(1) only establishes the right of employee benefit plans created by ERISA to sue and be sued like corporations and other legal entities"; it does not provide an independent right of action under ERISA. *Pressroom Unions–Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983). The structure of the provision suggests that § 1132(d) should not be read to create a cause of action. The statute already enumerates in § 1132(a) which persons may bring an ERISA action, and the 469 Fund's proposed reading of § 1132(d) would render the restrictive subcategories of § 1132(a) superfluous. Accordingly, the 469 Fund cannot bring a breach-of-fiduciary-duty claim under § 1132(d) alone.

## III.  Conclusion

We will therefore affirm the District Court's dismissal of the 469 Fund's third-party complaint.

---

[3] Because the 469 Fund did not properly plead its status as a fiduciary, we do not reach the issue of whether a fund may be a fiduciary for itself.